EQUITABLE TRUST CO. OF NEW YORK v. WERE.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. BILLS AND NOTES (§ 151*)—"NEGOTIABLE INSTRUMENT"—PREMIUM NOTE.
      An instrument in the form of a letter, addressed to the general agent of an insurance company, acknowledging receipt of a life insurance policy, and requesting him "to place the said policy in force from this date, and I promise to pay to you or to your order the first annual premium, amounting to $256.55, as follows:   Check inclosed, $125.00.   On Dec. 1, 1904, $131.55.   Thomas R. Were"—is a "negotiable instrument."

      [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 380–387; Dec. Dig. § 151.*

      For other definitions, see Words and Phrases, vol. 5, pp. 4767–4770; vol. 8, p. 7731.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

2. BILLS AND NOTES (§ 327*)—TRANSFER—BONA FIDE PURCHASER—HOLDER IN
   DUE COURSE.
       The holder of a negotiable instrument, who has paid value for it before
   maturity, is a holder in due course.
       [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 327.*]

3. BILLS AND NOTES (§ 124*)—ACTION—AMOUNT OF RECOVERY.
       In an action by a holder in due course on an instrument addressed to
   the general agent of a life insurance company, and promising "to pay to
   you or your order the first annual premium, amounting to $256.55, as
   follows: Check inclosed, $125.00. On Dec. 1, 1904, $131.55"—signed by
   the promisor, the plaintiff can recover only $131.55 since the instrument
   itself shows that the remainder had been provided for by check, and
   that only that amount was payable thereon.
       [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 268–
   271; Dec. Dig. § 124.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Thomas R. Were. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Affirmed, as modified.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Dulon & Roe (J. Brewster Roe, of counsel), for appellant.

McLear & McLear (Robert E. McLear, of counsel), for respondent.

LEHMAN, J. The plaintiff sues upon an instrument assigned to it for value by one Archibald C. Haynes. The instrument reads as follows:

"Mr. Archibald C. Haynes, General Agent, The Equitable Life Assurance Co., 25 Broad Street—Dear Sir: I hereby acknowledge having received from Mr. Rosenbaum policy No. 1316119, being for $5,000 on my life in the Equitable Life Assurance Society. You are authorized and requested to place the said policy in force from this date, and I promise to pay to you or to your order the first annual premium amounting to $256.55 as follows: Check inclosed, $125.00. On Dec. 1, 1904, $131.55.

"Very truly yours,                                    Thomas R. Were."

The defendant has set up various defenses, which would be sufficient to prevent a recovery if the instrument were still in the hands of the original payee, but cannot be set up against a holder in due course of a negotiable instrument.

[1, 2] The Appellate Division has recently held in the case of Equitable Trust Company v. Newman, 131 N. Y. Supp. 1113, that an instrument in this form is a negotiable instrument, and that where the plaintiff has paid value for it before maturity it is a holder in due course. The defendant claims, however, that this case is not governed by the Newman Case, owing to material differences in the record. It seems to me, however, that we are absolutely concluded by the decision in that case. The defendant claims that he has never received the policy of insurance, while in the Newman Case it was shown that the defendant had received the policy. This difference is immaterial. The defendant has admitted in a negotiable instrument that he did receive

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the policy, and the admission must be considered binding upon him. If the instrument through this admission becomes on its face a negotiable instrument, its character cannot be varied by parol testimony. I also cannot find that the holder in this case had any further notice of defects in the instrument than the holder had in the Newman Case.

[3] It seems to me, however, that the trial justice erred in giving judgment for the sum of $256, with interest from December 1, 1904. He held that the defendant was not entitled to a deduction of $125, unless he pleaded and proved payment of this amount. I cannot agree with this view. The plaintiff sues upon a written agreement to pay a sum of money at a fixed time. It introduces this instrument in evidence, and the instrument on its face shows that, while it is a promise to pay $256, only $131 is payable at a future fixed time, and the remainder has been provided for by inclosure of a check. The instrument itself, regarded as a negotiable instrument, therefore, calls for a future payment of only $131, and the holder can recover no more than the instrument calls for.

The judgment should therefore be reduced to the sum of $131, with interest from December 1, 1904, and costs of the action, and, as modified, affirmed, without costs. All concur.